NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 9 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

HUMBERTA ANGEL
BETANCOURT; KARELI IBARRA
ANGEL; MELINA IBARRA ANGEL,

Petitioners,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 23-359

Agency Nos.
A208-601-948
A208-601-949
A208-601-950

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 5, 2024**
Portland, Oregon

Before: OWENS and FRIEDLAND, Circuit Judges, and RAYES, District
Judge.***

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Douglas L. Rayes, United States District Judge for the District of Arizona, sitting by designation.

Humberta Angel Betancourt, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") decision dismissing her appeal from an immigration judge's decision denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Betancourt's two children are derivative beneficiaries of her asylum application. "We review the denial of asylum, withholding of removal and CAT claims for substantial evidence." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Id.* As the parties are familiar with the facts, we do not recount them here. We deny the petition for review.

1. An asylum "applicant must demonstrate a nexus between her past or feared harm and a protected ground." *Garcia v. Wilkinson*, 988 F.3d 1136, 1143 (9th Cir. 2021). "Specifically, the protected characteristic must be 'a central reason' for the past or feared harm." *Id.* (citation omitted).

Betancourt sought asylum on account of her membership in five proposed particular social groups: (1) unemployed Mexican women; (2) Mexican women who were targeted for kidnapping; (3) Mexican migrant women; (4) Mexican women; and (5) Mexican women of working age.

Substantial evidence supports the BIA's determination that Betancourt failed to establish a nexus between any past or feared harm and her proposed particular

23-359

social groups. Betancourt primarily relies on her attempted kidnapping by criminals pretending to offer jobs at a Walmart store near her home in Mexico. However, Betancourt stated that she did not know why she was targeted and that the criminals attempted to kidnap both men and women. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (A non-citizen's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").

Because substantial evidence supports the BIA's nexus determination, we do not reach any other ground for Betancourt's asylum claim.

2. While the nexus standard for withholding of removal is less demanding than for asylum, there is no distinction when there is "no nexus at all." *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017). Because substantial evidence supports that there was no nexus at all, we also uphold the BIA's denial of Betancourt's withholding of removal claim.

3. Regarding her CAT claim, substantial evidence supports that Betancourt failed to show that she will more likely than not be tortured by or with the acquiescence of government officials if removed to Mexico. *See* 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1); *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016) ("[A] general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence.").

4.  The temporary stay of removal remains in place until the mandate issues.

The motion for a stay of removal is otherwise denied.

**PETITION DENIED**.